Cory Braddock, Bar No. 024668
Patrick Tighe, Bar No. 033885
Taryn Gallup, Bar No. 035002
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
Email: cbraddock@swlaw.com
        ptighe@swlaw.com
        tgallup@swlaw.com

*Attorneys for Defendants and Intervenor-Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Steel, Inc., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Vensure Employer Services, Inc., d/b/a Vensure Employer Solutions, and VensureHR, Inc.,<br><br>Defendants,<br><br>Avitus, Inc.,<br><br>Intervenor-Defendant. | Case No. 2:25-cv-03087-DJH<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION** |

Defendants Vensure Employer Services, Inc. and VensureHR, Inc. (together, "Defendants") briefly respond to Plaintiff American Steel, Inc.'s ("Plaintiff") Objection to Judge Bachus's Report and Recommendation ("R&R"). Following a well-reasoned and thorough analysis, the R&R recommends that the Court grant Defendants' Motion to Dismiss the Complaint in its entirety under Rule 12(b)(6) with leave to amend. Doc. 41 at 17, 23. In its Objection, Plaintiff does not raise any objections to this portion of the R&R. *See generally* Doc. 42. Plaintiff also states in a footnote that, although it "disagrees" with this particular recommendation, Plaintiff "intends to amend its pleading." *Id.* at 2 n.1. By failing to raise any specific objections to this portion of the R&R, Plaintiff has accepted this portion of the R&R as correct and conceded that its Complaint should be dismissed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Further, because Plaintiff does not oppose or object to this portion of the R&R, the Court is not required to conduct any review whatsoever of the recommendation to dismiss the Complaint in its entirety. *See* 28 U.S.C. § 636(b)(1)(C) (providing that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*" (emphasis added)); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (a district court judge is not required to "review at all . . . any issue that is not the subject of an objection"); *Hernandez-Roque v. Ryan*, CV-14-01814-PHX-DJH, 2019 WL 4418164, at *2 (D. Ariz. Sept. 16, 2019) ("A district court is not required to review any portion of a magistrate judge's R&R that is not the subject of an objection."). Indeed, Judge Bachus's recommendation that the Complaint be dismissed for improper collective or group pleading was thorough and amply supported by existing law. *See* Doc. 41 at 3-10. Nothing about these findings and conclusions are clearly erroneous, as underscored by the fact that Plaintiff itself has raised no such objections.

For these reasons, the Court should accept and adopt this portion of the R&R, grant Defendants' Motion to Dismiss Class Action Complaint (Doc. 22), and dismiss the Complaint with leave to amend within 14 days of the Court's Order.

Dated this 3rd day of April, 2026.

SNELL & WILMER L.L.P.

By: *s/ Cory Braddock*
 Cory Braddock
 Patrick Tighe
 Taryn Gallup
 One East Washington St., Ste. 2700
 Phoenix, AZ 85004

*Attorneys for Defendants and*
*Intervenor-Defendant*